**FILED**

**June 28, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:15 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| Robert Winningham, | ) | Docket No. 2017-04-0013 |
| Employee, | ) | |
| v. | ) | |
| Perdue Farms, Inc. | ) | State File No. 97169-2016 |
| Employer, | ) | |
| And | ) | |
| Zurich Am. Ins. Co., | ) | Judge Robert Durham |
| Insurance Carrier. | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on June 23, 2017, upon the Request for Expedited Hearing (REH) filed by Robert Winningham. Mr. Winningham filed the Request to determine if Perdue is obligated to provide benefits for his alleged work-related left arm injury. The dispositive issue is whether Mr. Winningham's left arm complaints arose primarily out of and in the course and scope of his employment with Perdue. The Court holds Mr. Winningham failed to submit sufficient evidence to establish he is likely to prove his left arm complaints are primarily due to his employment with Perdue. Thus, his request for benefits is denied at this time.

### History of Claim

Mr. Winningham testified he began working as a machine operator for Perdue in May 2016. His job required him to lift fifty-pound bags of breading for chicken throughout his shift. Mr. Winningham asserted that on December 4, 2016, he felt something "give a little" in his left arm as he pulled on a bag of breading stuck in a pile. He immediately experienced pain and discomfort in his left arm and felt as though he had pulled a muscle. At the end of his shift, he told the line supervisor, Anita Walker, that he hurt his arm, but he did not seek medical care at that time.

The next day, he completed his shift with the help of a co-worker, but he

1

continued to experience pain and discomfort in his left arm. On December 6, Mr. Winningham notified another supervisor, Lowell Kennedy, of his persistent left arm complaints. Mr. Kennedy took him to the Perdue Wellness Center. Following an evaluation, Twila Wilson, with Perdue human resources, provided Mr. Winningham with a panel of physicians that consisted of Perdue Wellness, an acute care clinic in Crossville, and Dr. Toney Hudson in Cookeville. Mr. Winningham chose Dr. Hudson as his authorized physician.

In his evaluation, Dr. Hudson noted Mr. Winningham claimed some discomfort in his left arm. The record states Mr. Winningham did not complain of other symptoms or give any history of injury. Dr. Hudson recorded a long history of smoking, as well as carotid artery disease for which Mr. Winningham took blood pressure medication. Dr. Hudson stated that on physical examination, Mr. Winningham exhibited only minimal tenderness and had full range of motion in his left upper extremity. Dr. Hudson found no neurological deficits and no swelling, deformity or heat about the left upper extremity. He did observe bilateral carotid bruits and performed an electrocardiogram, which did not reveal any acute changes. Dr. Hudson concluded his report by stating that, in his opinion, Mr. Winningham's condition was not work-related, and there was "absolutely" no history of a work injury. He recommended Mr. Winningham see his primary care physician for cardiovascular follow-up, but released him to return to work at full duty. (Ex. 6).

Mr. Winningham provided a somewhat different account of his meeting with Dr. Hudson. He testified the only action taken by Dr. Hudson to examine his arm was to twist his left forearm and observe him with his arms at his side. He stated Dr. Hudson spent more time evaluating his vascular disease, from which he already knew he suffered, than assessing the pain in his left upper extremity.

Mr. Winningham returned to work but remained on light duty in light of Dr. Hudson's concern for his vascular condition. He testified his pain did not improve, so he asked Ms. Wilson for a second opinion. At that point, Perdue denied his claim for benefits. (Ex. 10.) Mr. Winningham continues to work for Perdue, although he testified he had been absent for the past few weeks due to his high blood pressure. He was scheduled to return to work at light duty on June 26, 2017.

In addition to his medical record, Perdue also submitted Dr. Hudson's affidavit into evidence. Dr. Hudson stated that upon reviewing his office notes as well as Mr. Winningham's job description, he did not find evidence of "any medical injury, condition or problem." Furthermore, he still held the opinion that Mr. Winningham's left forearm discomfort did not primarily arise out of his employment activities. (Ex. 9).

## Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Mr. Winningham, as the claimant, has

the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at \*6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015).

In order to prevail, Mr. Winningham must establish he suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2016). Mr. Winningham must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016). The term "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2016). Thus, lay testimony must generally be corroborated by expert medical testimony in order to meet the burden of proof regarding causation. *See Scott, supra,* at \*12.

In this instance, the only medical opinion offered regarding causation was that of Dr. Hudson. Given that he was an authorized treating physician, chosen from what appears to be a statutorily compliant panel, his opinion is entitled to a presumption of correctness. *See* Tenn. Code Ann. § 50-6-204(a)(3) (2016). Dr. Hudson clearly stated his opinion, both in his record and his affidavit, that Mr. Winningham's left upper extremity pain did not primarily arise out of his employment with Perdue. Mr. Winningham did not offer any medical evidence to counter Dr. Hudson's opinion.

At the hearing, Mr. Winningham argued that he only wished to have a second opinion, since to his mind, Dr. Hudson did very little to actually address his complaint. Furthermore, he believes the law entitles him to a second opinion. Unfortunately for Mr. Winningham, his belief is inaccurate; there is nothing in the statutes or case law that requires an employer to provide a second opinion on causation, especially when the authorized physician was chosen from a compliant panel. Perdue runs the risk of paying for unauthorized treatment, should Mr. Winningham choose to undergo it and the Court later finds such treatment to be reasonable and necessary for a work-related injury. However, the Court has no authority to compel Perdue to provide further medical care at this stage. *See Berdnik v. Fairfield Glade Comm. Club,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at \*16 (May 18, 2017).

For the reasons stated above, the Court concludes Mr. Winningham failed to provide sufficient evidence to establish he is likely to prove at trial that his left arm complaints arose primarily out of and in the course and scope of his employment with

Perdue. As a result, his request for workers' compensation benefits is denied at this time.

IT IS, THEREFORE, ORDERED that:

1. Mr. Winningham's request for workers' compensation benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **August 2, 2017**, at **9:30 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED THIS THE 28th DAY OF JUNE, 2017.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1.  First Report of Injury
2.  Job Description
3.  Wellness Center records
4.  Affidavit of Robert Winningham
5.  Choice of Physician form
6.  Medical records of Dr. Toney Hudson
7.  Wage Statement
8.  Affidavit of Dr. Hudson
9.  Supplemental affidavit of Dr. Hudson
10. Notice of Denial

Technical Record:

1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Request for Expedited Hearing
4.  Employer's Responses to REH

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 28th day of June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Robert Winningham | X | | | 228 Mirandy Road Cookeville, TN 38506 |
| Pat Fitzpatrick | | | X | fitzlaw@mooreraderfitzpatrick.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**